UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER WILDER,

Plaintiff,

v.

SORICH, et al.,

Defendants.

Case No. 3:20-cv-0263-MMD-CLB

ORDER

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Christopher Wilder, a state prisoner.  Plaintiff has submitted an application to proceed *in forma pauperis*.  ECF No. 1.  Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee.

The Court entered a screening order on April 15, 2021 (ECF No. 3) permitting Plaintiff's First Amendment retaliation claim against Defendants Sorich and Samsel and his Eighth Amendment excessive force claim Defendant Sorich to proceed.   The Court imposed a 90-day stay, which stay was extended to August 13, 2021, to provide the parties an opportunity to settle this matter.  ECF Nos. 3, 7.  The Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator.  ECF No. 6.  The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action.  ECF No. 10.

For the foregoing reasons, **THE COURT ORDERS** that:

1.      Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of the filing fee in full or part, or prepayment of any additional fees or costs, or the giving of security therefor.

2.      This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3.      While Plaintiff is not required to pre-pay the filing fee in full or part, the full filing fee must still be paid by Plaintiff pursuant to 28 U.S.C. § 1915(b)(2).  Accordingly, Plaintiff is required to make monthly payments of 20% of the preceding month's income credited to his account.  The Nevada Department of Corrections shall determine and forward this monthly payment from the account of Plaintiff Christopher Wilder, #83600, to the Clerk of the United States District Court, District of Nevada, in each month that the account balance exceeds $10.00 until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4.      The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

5.      Service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6.      Subject to the findings of the screening order (ECF No. 3), within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known addresses of those defendants for whom it has such information.  If the last known address of a defendant is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

7.   If service cannot be accepted for any named defendant, Plaintiff shall file a motion identifying the unserved defendant, requesting issuance of a summons, and specifying a full name and address for the defendant.  For each defendant as to which the Attorney General has not provided the defendant's last-known-address, Plaintiff shall provide the full name and address for the defendant.

8.   If the Attorney General accepts service of process for a named defendant, each such defendant shall file and serve an answer or other response to the complaint (ECF No. 5) within sixty (60) days from the date of this order.

9.   Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10.   This case is no longer stayed.

DATED THIS  9th  day of August 2021.

_____
UNITED STATES MAGISTRATE JUDGE