UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER WILDER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SORICH, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:20-CV-00263-CLB<br><br>**ORDER DENYING WITH LEAVE TO REFILE MOTION FOR SPOLIATION SANCTIONS AND MOTION TO EXTEND TIME AND GRANTING MOTION TO STAY PROCEEDINGS**<br><br>[ECF Nos. 39, 40, 43] |

　　　　Before the Court is Plaintiff Christopher Wilder's ("Wilder") motion for spoliation sanctions, (ECF No. 39), motion to extend time to conduct discovery, (ECF No. 40), and motion to stay proceedings, (ECF No. 43).

　　　　According to Wilder's motion to stay proceedings, he is being transferred to federal custody on July 25, 2022, and will not have access to his legal materials for a period of time. (ECF No. 43 at 2.) Thus, Wilder asks the Court to stay his case for 90-days.

　　　　It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

　　　　To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required

to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its discretion, that a brief stay of these proceedings for 90-days is appropriate.

The Court additionally notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address ...  Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. Thus, Wilder must file his notice of change of address once he has been moved to federal custody.

For good cause appearing, **IT IS ORDERED** that Wilder's motion to stay proceedings for 90-days, (ECF No. 43), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** for 90-days from the date of this order, at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Wilder shall file, as soon as practicable, his updated address with the Court.

**IT IS FURTHER ORDERED** that Wilder's motion for spoliation sanctions, (ECF No. 39), and motion to extend time to conduct discovery, (ECF No. 40), are **DENIED with leave to refile,** following the 90-day stay.

**IT IS SO ORDERED.**

**DATED**: July 25, 2022            .

_____
UNITED STATES MAGISTRATE JUDGE